THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS D. MITCHELL, Defendant-Appellant.

Fourth District   No. 14171

Opinion filed September 30, 1977.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

Richard M. Baner, State's Attorney, of Eureka (Robert C. Perry and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Following a bench trial in the circuit court of Woodford County, the defendant, Thomas Mitchell, was found guilty of the offense of reckless driving in violation of section 11—503 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—503). A motion in arrest of judgment was filed, heard by the court and denied. The court then imposed a fine of $250, and this appeal ensued.

Defendant's only contention on appeal is that the trial judge abused his discretion in imposing the fine without first considering his financial resources and ability to pay in accordance with section 5—9—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—9—1(c)).

As authority for his position, defendant cites only section 2.7 of the ABA Standards regarding sentencing alternatives and procedures (1968), and the Council Commentary following section 5—9—1 (Ill. Ann. Stat., ch. 38, par. 1005—9—1, Council Commentary, at 520 (Smith-Hurd 1976)). The latter says, in part, that "fines are purposely discouraged by the Code." While giving due deference to the learning and expertise of the council, we fail to find any such statement of policy in the Code. Contrariwise, unless lesser offenses, especially traffic offenses, are disposed of by fine only in substantial numbers, county jails would be overwhelmed and probation departments inundated with those committed to imprisonment, probation or conditional release, which are the only other sensible alternatives.

Section 5—9—1(c) is stronger than ABA Standard 2.7, in that the standard indicates a court "should consider" financial resources, while the

Unified Code of Corrections says the court "shall consider" the same. There is a meaningful comment on the matter in S.A. Schiller, The American Bar Association Standards for the Administration of Criminal Justice: Illinois' Compliance (Chi. Bar. Assoc. 1974). In his commentary on the matter of inquiry by a court into financial ability to pay a fine, the author says in part: "Interviews with judicial personnel indicate that there are no standard operating procedures which have been developed to deal with these criteria in relation to sentencing." Schiller, at 190.

It is thus apparent that neither the Council Commentary nor the ABA Standard is of great assistance in solving the problem presented here.

■■■ The question of financial inquiry cannot be wrenched out of the entire sentencing process. The Unified Code of Corrections makes extensive provision for the sentencing hearing. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—4—1.) As a part of the procedure the court is required to "hear arguments as to sentencing alternatives." As a matter of logic, no question of financial ability could arise until this time. If the State recommends a fine only, as was done in this case, then and at the time when the defendant gets to speak, he may protest by reason of inability to pay or ask for time in which to pay on an installment plan. A burden rests on the defendant at this point to alert the court as to his situation; he may not stand idly by, accept the benefits of a fine-only sentence, and then complain that proper procedures were not followed.

This is not placing on the defendant the burden of proving his innocence; that matter has already been disposed of before the sentencing hearing is reached. It is only a burden of bringing to the court's attention matters which may influence the court's sentencing power.

Such a burden is recognized by the Unified Code of Corrections itself and by prior decisions of this court. Section 5—9—3(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—9—3(b)), having to do with default in payment, provides in part: "Unless the offender shows that his default was not due to his intentional refusal to pay, or not due to a failure on his part to make a good faith effort to pay, the court may order the offender imprisoned * * *." In *People v. Harris* (1976), 41 Ill. App. 3d 690, 693, 354 N.E.2d 648, 650, this court said in construing section 5—9—3, "The burden is on defendant to exculpate his default. [Citation.]"

In the recent case of *People v. Hanna* (1977), 48 Ill. App. 3d 6, 10, 362 N.E.2d 424, 428, this court reversed the trial court for failure to observe the three-day waiting period required by section 5—3—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—3—4), but this court pointed out: "Defendant objected to the early setting, complaining that he needed more time to prepare for the hearing and to secure witnesses * * *. Defendant again complained of the timing of the

hearing and the presentation of the presentence report." Had the defendant not objected, presumably the point would have been deemed waived.

■■ Turning to the case at bar, the record shows an extensive argument on a motion in arrest of judgment. This motion was denied and the court then inquired:

"Would you like to proceed with anything else at this time?

Mr. Leiken [State's Attorney]: Yes sir, like to proceed with the sentencing recommendations.

The Court: What is that recommendation?

Mr. Leiken: We would recommend a fine of $250 and costs, Your Honor.

The Court: Mr. McIntire [Public Defender].

Mr. McIntire: Well, Your Honor, first I would like to indicate one thing that might enter into the court's decision and properly so, would be the reason for the defendant's failure to appear on Wednesday, the 28th. I would indicate that this is what he would say if he were called to testify. He was at the time of the hearing he had been in the hospital and he was in the hospital at that time. He indicated to me that a relative had called someone at the hospital to try and indicate to them the situation and called that day and apparently the information did not reach either myself or the State's Attorneys office or the court.

Mr. Leiken: May I interject for a second?

The state's recommendation is not based on any theory that the defendant purely and willfully or intentionally failed to appear. Our recommendation, assuming there was no fault on the defendant for his failure to appear, is because that is our ordinary recommendation in reckless driving cases.

Mr. McIntire: Your Honor, I would suggest that, of course, the defendant, I suppose you know I would suggest that that would be a reasonable recommendation apart —"

It thus appears from the record itself that the defendant not only did not object to the amount of the fine, but positively concurred in it as "reasonable." Defendant's only apparent concern was that he might be dealt with more harshly for a failure to appear, as might well have happened. Ability to pay comes only as a late revelation to defendant when he seeks a second hearing on the same subject matter in this court.

One further, and minor, matter requires comment. Defendant styles himself as "obviously indigent" since he was afforded the public defender. The appointment was made over the objection of the People, and the affidavit of assets and liabilities adequately demonstrates the people's concern. Defendant "takes home" $550 per month, pays $85 per

month rent, has $376 in debts, is 20 years old and single. While such a schedule might qualify one for free legal service, it would require a quantum leap, which we decline to take, to say that such a person cannot pay a $250 traffic fine, as claimed by defendant. The circuit court had the affidavit before it, and in addition, at the close of the sentencing hearing, defense counsel informed the court: "[H]e—his financial circumstances are—have not changed from what they were at the time I was appointed to represent him."

We note in closing that the motion in arrest of judgment was extensively argued in the trial court on the theory that the traffic ticket did not state an offense. This theory has been abandoned in this court, and we are asked only to vacate the fine and remand for a new sentencing hearing. For all the reasons set forth above, we decline to do so.

The judgment of the trial court is affirmed.

Judgment affirmed.

REARDON, P. J., and TRAPP, J., concur.