THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT D. BISHOP, Defendant-Appellant.

Third District   No. 79-231

Opinion filed March 5, 1980.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Having pleaded guilty to the unlawful possession of more than 30 grams, but less than 500 grams, of cannabis, and having been sentenced to a one-year term of imprisonment, in addition to being fined $2,500, the defendant, Robert Bishop, brought this appeal. In his appeal, the only issue raised is whether the defendant was denied his statutory right to a proper sentencing hearing because the trial court failed to adequately specify any reasons for imposing the fine.

After accepting defendant's negotiated plea, the trial judge ordered that a presentence investigation report be prepared. According to the report, the defendant was employed by Auto Matic Electronics as an installation foreman. At the time that the presentencing report was compiled he was clearing $350 per week. He also owned a 1969 Cadillac automobile. Defendant's liabilities totaled $3,000. In addition, the 21-year-old defendant was supporting his 18-month-old child and his wife, who was expecting another child. Prior to sentencing the defendant, the trial judge examined and considered the contents of the presentence report.

After considering the presentence report, the evidence submitted in aggravation and mitigation, and the arguments of counsel, the trial judge explained why he deemed it necessary to deny defendant probation and instead imposed an alternative disposition thereto. The trial judge stated that regardless of any arguments concerning the desired medicinal use or effects of marijuana, it is against the law to possess and use it. He likewise noted that the defendant admitted to the regular use of marijuana. Referring to the defendant's prior conviction in Indiana on a similar charge, the delivery of a controlled substance, the court found that the defendant knew he was violating the law by using marijuana. He concluded from the defendant's conduct that he had flaunted the law and characterized the defendant as not caring what the law says and as having no real intention of complying with the law. The trial judge found that, although, the defendant stood convicted of a drug charge in Indiana and faced a six-year sentence, it apparently had little, if any, effect on the defendant's conduct. The trial judge determined that the defendant's conduct was a flagrant and willful snubbing of the law, although forewarned by the penitentiary sentence in Indiana, and decided to deny the

defendant probation and to impose a sentence of one year's imprisonment plus a fine on the defendant for his willful and flagrant violation of the law.

One day prior to the entry of the written order imposing the sentence upon the defendant, a motion to reduce sentence was filed. In this motion, the defendant alleged that the imposition of one year's imprisonment and a fine of $2,500 caused an undue hardship. The defendant also maintained that the court had failed to specify, for the record, the particular evidence, information, and reasons leading to the determination of sentence. On the same day this motion was presented to the trial court, the defendant filed an affidavit of assets and liabilities in which he indicated that his liabilities and debts totaled $2,000. It also stated that the defendant had no income or real property. The motion was denied, as was a subsequent motion to vacate that denial.

The instant violation is a Class 3 felony. (Ill. Rev. Stat. 1977, ch. 56½, par. 704(d).) The optional dispositions available for a Class 3 felony include the imposition of a term of imprisonment and a fine. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(b)(4) and (6).) A fine, however, may be imposed in felony cases only in conjunction with another authorized disposition, such as a sentence of imprisonment (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(b), and Ill. Rev. Stat. 1977, ch. 38, par. 1005—9—1(b)), and is not to exceed $10,000 or the amount specified in the offense, whichever is greater (Ill. Rev. Stat. 1977, ch. 38, par. 1005—9—1(a)(1)). In determining the amount and method of payment of a fine, the trial judge must consider the defendant's financial resources and future ability to pay and whether the fine would prevent the defendant from making court-ordered restitution. (Ill. Rev. Stat. 1977, ch. 38, pars. 1005—9—1(c)(1) and (2).) It has been determined that, prior to the February 1, 1978, effective date of the new sentencing act, the trial court would have been deemed to have ascertained the defendant's ability to pay a fine if the record demonstrated that the trial court was aware of the defendant's financial condition, including his present and expected income and his necessary expenses. *People v. Menken* (1977), 54 Ill. App. 3d 199, 369 N.E.2d 363.

■■ Under the new sentencing law (Pub. Act 80-1099, eff. Feb. 1, 1978), the trial judge is required to specify on the record the reasons that led to his sentencing determination, including particular evidence, information, mitigating factors and aggravating factors. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—4—1(c).) The purpose for requiring that statement of reasons is "to enable reviewing courts to determine just what went into the sentencing decision and whether it is consistent with the statutory objectives." (*People v. Meeks* (1979), 75 Ill. App. 3d 357, 366, 393 N.E.2d 1190, 1197, *appeal allowed* (1979), 79 Ill. 2d 623.) Ordinarily, in the event

the trial court has not adequately specified the reasons for the sentencing determination, the remedy is a remandment for a proper sentencing hearing. (*People v. Rickman* (1979), 73 Ill. App. 3d 755, 391 N.E.2d 1114.) The question before us, then, in determining whether the defendant was denied his right to a proper sentencing hearing under section 5—4—1(c) and consequently remandment is mandated, is whether the new sentencing law requires the trial court to specify on the record the reasons for the imposition of a fine.

■■ Certainly, the trial judge must specify his reasons for the sentence imposed. However, we believe that the trial court need not, as the defendant suggests, specify separate and distinct reasons for imposing the fine. As we have previously pointed out, section 5—5—3(b) provides that "neither a fine nor restitution shall be the sole disposition for a felony, and either or both may be imposed only in conjunction with another disposition." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(b)). As a consequence, when a fine and imprisonment are imposed, they are imposed as one sentence, with the reasons specified supporting the entirety. The reasons specified by the trial judge in this case are sufficient to support the imposition of the instant sentence. In addition, we do not believe the trial judge need specifically state that the defendant was determined to have the financial resources and future ability to pay the fine. That finding is implicit in the imposition of a fine where the trial judge is aware of facts in the record which would support such a finding (*Menken*) even though the better practice may be to articulate the finding.

The defendant contends that the facts of this case, specifically those found in the affidavit of assets and liabilities submitted on the day the motion to reduce the sentence was heard, do not support such a finding. However, these particular facts were not known to the trial judge at the time of sentencing. When the defendant was sentenced he was gainfully employed. It is true that at the time the motion to reduce sentence was heard, the trial court could anticipate that due to his imprisonment the defendant would not be employed for one year. In fact, it is evident that the trial court took this into account in determining that the defendant was then indigent and therefore entitled to receive free transcripts and appellate representation. However, there were no facts before the court from which it could be determined that the defendant's ability to pay would not return after the term of imprisonment was concluded, which it has now been.

We therefore hold that the facts within the trial court's knowledge at the sentencing hearing regarding the defendant's financial resources and ability to pay a $2,500 fine justified its imposition, and although the court did not state the specific reasons why a fine was imposed at all, its reasons

for the imposition of sentence (which included the fine), stated at the sentencing hearing, satisfied the requirements of section 5—4—1(c) of the Criminal Code. Accordingly, the judgment of the Circuit Court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL and SCOTT, JJ., concur.