THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DEBBIE MARTIN, Defendant-Appellant.

Third District   No. 82—372

Opinion filed November 8, 1982.

Robert Agostinelli and Pamela Peters, both of Ottawa, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

A Fulton County jury found Debbie Martin guilty of unlawful delivery of cannabis. She was sentenced to 30 months probation on the condition that she pay a $300 fine and $35 in restitution during the period of her probation. The restitution represented the amount expended by the State in making the controlled purchase which resulted in her arrest. In addition, she was required to pay $120.20 in court costs giving her a total liability of $459.20. On appeal, Miss Martin argues that the court improperly assessed the fine against her because it neglected to give sufficient consideration to her ability to pay. We affirm.

Unlawful delivery of cannabis is a Class 4 felony and carries with it a maximum fine of $10,000. Before imposing a fine, a judge should consider the defendant's financial resources and future ability to pay, and whether the fine would prevent the defendant from making court-ordered restitution. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—9—1(c) and (2).) Before passing sentence on Miss Martin, the trial court ascertained that she was in good health, was a licensed practical nurse (although her certification may be in jeopardy due to this conviction), had been steadily employed until the time of her conviction, had a high school equivalency certificate, owned a car, and was in the process of securing unemployment compensation. She also had one child, was not married, and received no support from the child's father.

The fine of $300 was well under the statutory maximum of $10,000. The defendant has the resources to find employment and has the entire 30 months' probationary period within which to pay the penalty. The fine and restitution imposed were well below what might properly have been imposed and were the result of a reasonable exercise of the trial judge's discretion. We will not disturb the sentence on review.

Affirmed.

ALLOY and STOUDER, JJ., concur.