THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES MORRISON, Defendant-Appellant.

Third District  No. 82—311

Opinion filed January 13, 1983.

HEIPLE, J., dissenting.

Robert Agostinelli and Gary Hicks, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:

Following a bench trial in the circuit court of Tazewell County, the defendant, Charles Morrison, was convicted of driving while under the influence of intoxicating liquor. (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(a).) A sentencing hearing was held on April 30, 1982. The

defendant was sentenced to one year of probation upon the conditions that he serve a 30-day jail term, pay a $350 fine, and participate in a treatment program for his alcohol problem. The only issue raised by the defendant in his appeal is that the trial court improperly assessed a fine where the facts do not support a finding that the defendant had the financial resources and future ability to pay the fine.

A bystander's report was filed in this court relating to the proceedings during the sentencing hearing. (87 Ill. 2d R. 323(c).) At the time of the hearing, the defendant was 52 years old. He had been married for 31 years and had five children. Two of his sons, ages 20 and 21, lived at home while they attended college. The defendant's wife was employed as a secretary at Mackinaw Valley Installation. The defendant was a carpenter but had been unemployed since August 1981. He was receiving unemployment compensation. The defendant's family were dependent upon him for support.

The incident resulting in the defendant's D.W.I. conviction also resulted in an automobile accident. Damages to the other vehicle totalled $3,800. The defendant did not have insurance, but was paying the car owner and the insurance company $50 per month as restitution. No other information regarding the financial status of the defendant was presented to the trial court.

■ When a trial court assesses a fine against a defendant, it must determine that the defendant has the financial resources and future ability to pay the fine. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—9—1(d)(1).) A determination that a defendant has the ability to pay is implicit in the imposition of a fine where the trial court is aware of facts in the record which would support such a determination. *People v. Bishop* (1980), 81 Ill. App. 3d 521, 401 N.E.2d 648.

In the instant case, the trial court imposed a $350 fine. The State argues that the record supports a finding that the defendant has the financial resources and the future ability to pay the fine. It supports its proposition by pointing out that the defendant did post a cash bond of $100 which was to be applied toward the fine. Also, the fact that the defendant qualified for the appointment of the appellate defender did not preclude the court from finding that the defendant had the resources to pay a fine. (*People v. Mitchell* (1977), 52 Ill. App. 3d 745, 367 N.E.2d 1351.) The defendant, though unemployed at the time of sentencing, was receiving unemployment compensation. He was an experienced carpenter who would likely find employment in the near future. Besides these factors, the defendant's wife was also employed.

■ The ability of a defendant to post a cash bail does not neces-

sarily indicate a defendant's financial ability to pay restitution or reimbursement. The money used for bail may be borrowed or paid by relatives or friends. (*People v. Johnson* (1982), 106 Ill. App. 3d 171.) The same reasoning applies in the case of a fine. Merely because the defendant in the case at bar posted $100 cash bond does not indicate that he had the financial resources to pay a fine.

■ The facts before the trial court in the instant case were insufficient to support a determination that the defendant had the financial resources and the future ability to pay a $350 fine. The defendant was receiving unemployment compensation (*People v. Martin* (1982), 110 Ill. App. 3d 449), but it was not indicated what the amount of those benefits were. There was no information on the amount of expenses incurred by the defendant. It was not made clear whether the defendant's wife contributed her income to the household or how much that income was. The trial court was not informed about the defendant's educational background or whether he had other marketable skills besides carpentry. There was no information concerning any property or other sources of income available to the defendant. Overall, there were insufficient facts available to the trial court to determine the issue of imposition of a fine and the amount. Therefore, the fine is vacated and the cause is remanded for the limited purpose of conducting a hearing to determine the defendant's ability to pay the fine, and the amount of the fine.

Based on the foregoing, the sentence placing defendant on one year probation, with 30 days to be spent in jail, and with participation in a treatment program for his alcohol problem, is affirmed. The sole issue to be determined upon remandment is the ability of defendant to pay a fine, and to fix the amount thereof.

The sentence of the circuit court of Tazewell County is affirmed in all respects except for the issue of imposition and the amount of a fine to be determined at a hearing on remandment.

Affirmed and remanded in part.

STOUDER, P.J., concurs.

JUSTICE HEIPLE dissenting:

This is just the sort of case that has brought appellate courts into disrepute. After being convicted of drunken driving, the defendant, Charles Morrison, was placed on one year of probation, sentenced to 30 days in jail, ordered to participate in a treatment program for his alcohol problem, and fined $350.

This court chooses to reverse the fine and remand for a further evidentiary hearing.

What does the record show?

This defendant, with a traffic record containing numerous convictions for speeding and other traffic violations, previously had his license suspended for drunken driving in 1975. The current conviction for an offense of drunken driving on October 3, 1981, established that while, under the influence of intoxicating liquor and without insurance, he drove into the rear end of a parked car causing $3,800 damage to the hapless owner of that parked vehicle. He has agreed to make restitution for that damage at the rate of $50 per month.

This court reverses the fine and thereby substitutes its judgment for that of the sentencing judge. The majority opinion finds that the defendant lacked either the present or the future ability to pay the fine. Such a finding is not merely erroneous. It does violence to the precept that the decision of the trial judge in imposing sentence is entitled to great weight. It invites frivolous appeals. It indicates a willingness on the part of the appellate court to tinker with every aspect of the judicial process, no matter how small.

The defendant in this case is a 52-year-old unemployed carpenter. He is married. His wife is employed full time as a secretary. He draws unemployment compensation. He was able to post a $100 cash bond. He considered himself financially able to pay off the victim at the rate of $50 per month. From this record, the trial court concluded that the defendant was able to pay a $350 fine, of which sum, part would be paid by his posted bond. Why must it be said that this decision of the trial judge was erroneous? I don't know.

It is clear that the trial court is not required to specifically make a finding that the defendant had the financial resources and the future ability to pay a fine. That finding is implicit in the imposition of a fine where the trial judge was aware of the facts in the record which would support such a finding. *People v. Bishop* (1980), 81 Ill. App. 3d 521.

Moreover, the requirement that the trial court determine that the defendant have financial resources or future ability to pay a fine, must not be construed as permitting a fine only when a defendant has sufficient cash to pay the fine with no discomfort to himself. The purpose of a fine is punishment, and a fine must be of an amount sufficient to impress upon the defendant the seriousness of his offense and the necessity of discontinuing his illegal actions.

Considering this defendant's past and present record of traffic offenses, he must be considered a menace on the highways. His age, his

marital status with an employed wife, his skill as a carpenter, and his own self assessment that he could pay $50 per month restitution to the victim, all indicate that the defendant would be able in the future to pay the $350 fine.

Finally, if the majority really believes that the $350 fine imposed by the trial court is not supported by the record, the correct remedy would be an outright reversal of the fine. Remandment for purposes of an additional evidentiary hearing regarding the defendant's ability to pay a fine is an affront to the taxpayers and to the judicial process. This additional hearing will consume the time and effort of the public defender, the State's Attorney, the circuit clerk, the court bailiff, the sheriff, and the court reporter. The cost and wasted time of court personnel will exceed the amount of the fine even if collected. This says nothing about the costs already expended on this frivolous appeal. In the interest of judicial economy, the fine in this case should be voted either up or down, not reversed and remanded. Though outright reversal would be wrong, reversal with remand is even worse. As stated in my opening sentence, this is just the sort of case that has brought appellate courts into disrepute.

I would affirm the judgment of the trial court.