THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN WATERS, Defendant-Appellant.

First District (5th Division)   No. 84—0113

Opinion filed September 27, 1985.

James J. Doherty, Public Defender, of Chicago (Gwendolyn M. Bryant and Frank Madea, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Following a bench trial, defendant was convicted of burglary. (Ill. Rev. Stat. 1983, ch. 38, par. 19—1.) He was sentenced to a term of six years and assessed a fine of $1,000 and $213.50 in costs. On appeal, two issues are raised: (1) whether the statutory section requiring the recovery of fines and court costs from the bail bond posted is unconstitutional as applied to indigent defendants; and (2) whether the trial court erred in imposing a $1,000 fine based solely on the fact that bond had been posted where defendant was unemployed and indigent.

At the sentencing hearing, defendant's court-appointed counsel stipulated to the accuracy of the presentence report. The report stated that defendant had been terminated from interim disability on Social Security and that he had applied for general assistance but had not yet received it. The report further stated that he was clinically blind in the right eye and had a blood clot removed from the right side of his brain, leaving his hand 90% paralyzed. According to the report, although defendant had received his G.E.D. in prison and had also received training as an emergency medical technician, he had to quit his job with an ambulance company for health reasons, and he had to stop attending a trade school because of financial problems. The presentence investigation further stated that defendant had worked for six months but quit because it did not interest him; he then did independent painting and carpentry work in the neighborhood; he had worked at a temporary job for seven to eight months; and that prior to his incarceration for this offense, he was helping his brother in building maintenance.

In aggravation, the State summarized the evidence at trial which showed that defendant was found inside a closed restaurant in Chicago with a bag containing food and other miscellaneous property of the restaurant. The State additionally noted defendant's prior bur-

glary conviction resulting in a prison term, and convictions for criminal damage to property and unlawful use of weapons. The State recommended a seven-year term of imprisonment, a fine in the amount of $1,200 plus $213.50 in court costs.

In mitigation, defense counsel argued that the restaurant's property was not found on defendant and no harm was done to any individuals. Defense counsel raised no objection to the imposition of a fine or costs, nor did he argue that defendant was unable to pay a fine or costs. Rather, defense counsel argued that defendant contributed to the support of his deceased sister's six children and that, when he was employed, he had worked as a maintenance man.

In imposing sentence, the trial court noted that it considered the evidence at trial and the information in the presentence investigation. The court further noted that defendant's $15,000 bond had been posted by a deposit of $1,500 with the court. The trial court then sentenced defendant to a six-year term, a fine of $1,000 and costs of $213.50.

■■ Defendant first contends that the statutory section requiring the recovery of fines and court costs from a bail bond is unconstitutional as applied to indigent defendants. Section 110—7(h) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—7(h)) provides:

> "After a judgment for a fine and court costs or either is entered in the prosecution of a cause in which a deposit had been made in accordance with paragraph (a) the balance of such deposit, after deduction of bail bond costs, shall be applied to the payment of the judgment."

Under this section, a judgment for court costs may be satisfied against the deposited funds regardless of whether or not the cash received as bail is actually the property of defendant. *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194.

Defendant relies upon *People v. Cook* (1980), 81 Ill. 2d 176, 407 N.E.2d 56, in arguing that this provision is unconstitutional. In *People v. Cook*, our supreme court held unconstitutional section 110—7(g) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 110—7(g)), which provided that when a defendant, who had been admitted to bail, utilized the services of the public defender or other appointed counsel, the amount deposited could be used to reimburse the county for funding the legal services. We do not find *Cook* to be controlling in the determination of whether court costs may be deducted from an indigent defendant's bail deposit.

The constitutional validity of assessing costs against a bail deposit

was considered in *Schilb v. Kuebel* (1970), 46 Ill. 2d 538, 264 N.E.2d 377, *aff'd*, 404 U.S. 357, 30 L. Ed. 2d 502, 92 S. Ct. 479. There the Illinois Supreme Court upheld the constitutionality of section 110—7(f) (Ill. Rev. Stat. 1983, ch. 38, par. 110—7(f)), which allowed the clerk of the court to retain 10% of the bond deposit for administrative costs, as conforming to fundamental concepts of due process and equal protection of the law. The United States Supreme Court, in affirming this decision, stated that the situation "is not one where we may assume that the Illinois plan works to deny relief to the poor man merely because of his poverty." (404 U.S. 357, 370, 30 L. Ed. 2d 502, 514, 92 S. Ct. 479, 486-87.) Subsequently, in *Andrews v. Danaher* (1976), 62 Ill. 2d 268, 342 N.E.2d 49, the Illinois Supreme Court upheld the same provision against the claim that the State unlawfully imposed upon an accused a fee for exercising his constitutional right to bail.

■ Similarly, in *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, our supreme court interpreted section 110—7(h) to allow cash bail deposits to be used to pay the costs of an unsuccessful appeal. The court noted that under the cost statute (Ill. Rev. Stat. 1975, ch. 33, par. 6, now Ill. Rev. Stat. 1983, ch. 110, par. 5—105), costs are recoverable from persons who sue or defend as poor persons, and it held that this section does not waive these in costs for poor persons but merely postpones them so all persons may pursue their legal remedies. The court further stated that whether or not the cash received as bail is actually the property of the defendant is irrelevant.

Hence, because there is no constitutional infirmity in retaining administrative bail costs from an indigent's bail deposit, we believe there is no constitutional infirmity in the retention of bail deposits to pay an indigent defendant's court costs at trial.

■ Defendant further argues that because he was unemployed and indigent, the trial court erred in imposing a $1,000 fine based solely on the fact that bond had been posted. We believe that the facts before the trial court in the instant case were insufficient to support a determination that defendant had the financial resources and the future ability to pay a $1,000 fine.

The ability of a defendant to post a cash bond does not necessarily indicate a defendant's financial ability to pay restitution or reimbursement. (*People v. Morrison* (1983), 111 Ill. App. 3d 997, 444 N.E.2d 1144; *People v. Johnson* (1982), 106 Ill. App. 3d 171, 435 N.E.2d 799.) Often bail is posted with borrowed money or by relatives or friends. (*People v. Cook* (1980), 81 Ill. 2d 176, 407 N.E.2d 56; *People v. Johnson* (1982), 106 Ill. App. 3d 171, 435 N.E.2d 799.) Here, the trial court did not inquire into whether the bond money was actually from

defendant's assets. See *People v. Johnson* (1982), 106 Ill. App. 3d 171, 435 N.E.2d 799.

██ We recognize that a trial judge need not specifically state that the defendant was determined to have the financial resources and ability to pay a fine and that such a finding is implicit in the imposition of a fine where the judge is aware of the facts which support such a determination. (*People v. Miller* (1983), 120 Ill. App. 3d 495, 457 N.E.2d 1373; *People v. Jumper* (1983), 113 Ill. App. 3d 346, 447 N.E.2d 531; *People v. Bishop* (1980), 81 Ill. App. 3d 521, 401 N.E.2d 648.) However, we believe the facts before the court in this case were not sufficient to support such a determination. Defendant's presentence investigation showed that prior to his incarceration he was helping his brother in building maintenance and that he had marketable skills in painting and carpentry and training as an emergency medical technician. However, the presentence investigation also shows that he had to quit his job with an ambulance company because of health reasons, he was clinically blind in the right eye, one hand was 90% paralyzed, his interim disability from Social Security had been terminated, and although he had applied for general assistance, he had not yet received it. The record fails to show whether he was receiving monetary compensation from his brother for his help in building maintenance, nor does it show whether defendant had any outstanding liabilities (see *People v. Oravis* (1980), 81 Ill. App. 3d 717, 402 N.E.2d 297), assets or other sources of income. (See *People v. Morrison* (1983), 111 Ill. App. 3d 997, 444 N.E.2d 1144.) We further note that defendant was contributing to the support of his sister's six orphaned children, and that he was caught attempting to steal food. In addition, defendant will not be able to earn money to pay the fine because of his imprisonment. (*Cf. People v. Jumper* (1983), 113 Ill. App. 3d 346, 447 N.E.2d 531.) We do not express an opinion as to whether a fine might ultimately be found to be appropriate in this case. However, there were insufficient facts available to the trial court to determine the issue of imposition of a fine and the amount. See *People v. Morrison* (1983), 111 Ill. App. 3d 997, 444 N.E.2d 1144.

██ Therefore, the fine is vacated and the cause is remanded for the limited purpose of conducting a hearing to determine defendant's ability to pay the fine, and, if established, the amount of the fine. Since we are vacating defendant's fine, we need not at this juncture decide whether payment of a fine may be constitutionally exacted from a bail deposit of an indigent defendant.

Accordingly, the judgment of the circuit court is affirmed in part and vacated in part. The cause is remanded for consideration of the

issue of the propriety of imposition of a fine and if permissible the amount of the fine. Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request that defendant be assessed $50 as costs for the State's defense of this appeal and incorporate it as part of this judgment.

Affirmed in part, vacated in part and cause remanded.

SULLIVAN and PINCHAM, JJ., concur.