(No. 61266.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ANTONIO MALDONADO, Appellant.

*Opinion filed December 20, 1985.*

WARD, J., dissenting.

Robert Agostinelli, Deputy Defender, and Stephen Omolecki and Gary Hicks, Assistant Defenders, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and John R. Clemons, State's Attorney, of Murphysboro (Jill Wine-Banks, Solicitor General, and Mark L. Rotert and Judith H. Schlessinger, Assistant Attorneys General, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Following a jury trial in the circuit court of Henry County, defendant, Antonio Maldonado, was convicted on two counts of an information, one charging the offense of resisting a peace officer and the other, obstructing a peace officer (Ill. Rev. Stat. 1983, ch. 38, par. 31—1). Defendant was fined $250 on each conviction and sentenced to 90 days for obstructing a peace officer and 180 days for resisting a peace officer. The appellate court affirmed in a Rule 23 order (127 Ill. App. 3d 1169; 87 Ill. 2d R. 23), and we allowed defendant's petition for leave to appeal (94 Ill. 2d R. 315).

Defendant's sole contention is that the portion of the sentences imposing the fines must be vacated because the circuit court assessed them without first determining defendant's financial resources and future ability to pay. He argues that section 5—9—1(d)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1(d)(1)), which, in pertinent part, provides that "[i]n determining the amount and method of payment of a fine, the court shall consider *** the financial resources and future ability of the offender to pay the fine" (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1(d)(1)), is mandatory and that the circuit court was required to determine defendant's financial resources and future ability to pay a fine prior to its imposition. Defendant argues, too, that because this section is mandatory and imposes upon the circuit court an affirmative duty, the failure to protest imposition of the fines when the circuit court did not comply with the statute did not, as held by the appellate court, constitute a waiver on appeal of the issue regarding imposition of the fine.

The People contend that, by failing to object at the sentencing hearing, "defendant waived any statutory" right to protest the imposition of fines against him. They argue that defendant not only failed to object, but suggested the imposition of a fine as a lesser alternative to imprisonment.

We consider first the People's contention that defendant invited error by "suggesting" imposition of a fine. As the basis of their contention the People quote from the remarks of defense counsel, who, during the sentencing hearing, stated:

> "That is, given this type of situation, that incarceration is—is not appropriate, that the—the Court has before it various alternatives such as public service work. Probation is a—a matter that the Court could deal with specifically given that these are police officers we're dealing

with and monetary penalties in terms of fines and costs."

We do not agree that in those remarks defense counsel invited error by suggesting the imposition of a fine. We read defense counsel's reference to "fines and costs" as an attempt to illustrate the number and type of statutory alternatives to incarceration. A more definitive statement of defense counsel's proposed alternative for sentencing occurred later in the sentencing hearing when he stated:

> "*** I think, the sentencing alternatives for the Court in terms of a conditional discharge type of sentence and a probationary sentence, a sentence including public service work, those types of things would be appropriate."

This portion of defense counsel's argument makes clear that defendant was seeking an alternative to incarceration, but was not suggesting that a fine was among those alternatives.

The determination of the question presented depends upon whether the provision of the statute is mandatory or directory. Citing *People v. Davis* (1982), 93 Ill. 2d 155, the People argue that to construe this statute as mandatory rather than directory "would permit a legislative infringement upon the exercise of the judicial function of imposing sentence." (93 Ill. 2d 155, 161.) Therefore, they contend that it is necessary to construe the section as being directory so as to affirm its constitutionality and validity. They argue that the intent of the General Assembly was to provide directory guidelines for the trial judge's exercise of discretion. Defendant contends that the General Assembly intended that section 5—9—1(d)(1) be mandatory. He observes that, generally, the use of the word "shall" is indicative of a legislative intent that a statute be mandatory rather than directory.

This court has not previously considered the precise issue presented, and the decisions of the appellate court are not in agreement. See *People v. Eades* (1984), 123

Ill. App. 3d 113; *People v. Miller* (1983), 120 Ill. App. 3d 495; *People v. Ruff* (1983), 115 Ill. App. 3d 691; *People v. Jumper* (1983), 113 Ill. App. 3d 346; *People v. Morrison* (1983), 111 Ill. App. 3d 997; *People v. Taylor* (1980), 84 Ill. App. 3d 467; *People v. Bishop* (1980), 81 Ill. App. 3d 521.

In *People v. Youngbey* (1980), 82 Ill. 2d 556, we considered whether section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—1), which required a presentence investigation and report, was mandatory and whether it could be waived absent an agreement between the parties as to the sentence to be imposed. We found section 5—3—1 to be mandatory because the prescribed presentence report was not solely for the defendant's benefit but was also for the court's enlightenment, the report related only to presentence procedure, and a recent amendment to the statute deleted the provision that defendant could waive the presentence investigation and report.

In *People v. Davis* (1982), 93 Ill. 2d 155, we considered the statutory provisions which provided that a judge specify his reasons for imposing a sentence. We distinguished that case from *People v. Youngbey* because in *Davis* the statute related directly to the imposition of sentence, exclusively a function of the judiciary, and to have held it mandatory would have rendered it unconstitutional. We held that because the statute was not mandatory "there was no independent duty upon the court to give a statement of reasons. Instead, the right is purely personal to the defendants and thus may be waived." 93 Ill. 2d 155, 163.

We find this case, however, distinguishable from both *Youngbey* and *Davis*, and that it more closely resembles *People v. Pittman* (1982), 93 Ill. 2d 169. In *Youngbey* the statute provided that "a defendant shall not be sentenced for a felony before a written presentence report

of investigation is presented to and considered by the court." The statute considered in *Davis* required the court to state its reasons for imposing a particular sentence. The statute considered in *Pittman* required that before a consecutive sentence could be imposed the trial court had to be of the opinion "that such a term [was] required to protect the public." The statute involved here requires that the court consider the financial resources and the future ability of the offender to pay the fine. The failure to comply with the requirements of the statutes in *Youngbey* and *Davis* can be proved by the absence from the record of the required document or statement. In contrast, the statute considered in *Pittman* required that the trial court be possessed of an opinion. In *Pittman* the court said:

"We do not agree with the People's contention that it may be implied from the imposition of the consecutive sentence that the court was of the opinion that the consecutive term was necessary. Although it would be better practice to state the opinion in the language of the statute, failure to do so does not necessarily require reversal. (See *People v. Davis* (1982), 93 Ill. 2d 155; *People v. Kuesis* (1980), 83 Ill. 2d 402, 409-10; *People v. Cox* (1980), 82 Ill. 2d 268, 280-81; *People v. Meeks* (1980), 81 Ill. 2d 524, 534.) What is required is that the record show that the sentencing court is of the opinion that a consecutive term is necessary for the protection of the public." (93 Ill. 2d 169, 177-78.)

Similarly, what is required here is that the record show that the court considered the financial resources and future ability of the offender to pay the fine.

The transcript shows that at the sentencing hearing the court, in its remarks, said: "I would note that the defendant had been gainfully employed, and that, as testified, he's been on unemployment." This is sufficient to indicate that the court, as required by the statute, considered defendant's financial resources and future ability

to pay. We note that section 5—9—3(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—3(c)) provides:

> "(c) If it appears that the default in the payment of a fine is not intentional under paragraph (b) of this Section, the court may enter an order allowing the offender additional time for payment, reducing the amount of the fine or of each installment, or revoking the fine or the unpaid portion."

Since the order sentencing defendant and imposing the fine does not provide for the time or method of payment, the question of defendant's ability to pay at the time of sentencing is, on this record, irrelevant. We need not anticipate problems that may not arise, and for which a statutory solution is provided.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE WARD, dissenting:

I must disagree with the majority's view of the responsibilities imposed under the statute. The trial court's merely noting that the defendant had earlier been gainfully employed and that he was at the time receiving unemployment compensation fell far short of satisfying the statute's requirement that the trial court consider the financial resources and the future ability of the offender to pay the fine. The court in *People v. Morrison* (1983), 111 Ill. App. 3d 997, examined the statute in a case with circumstances similar to those here. In holding that the trial court did not sufficiently consider the defendant's financial resources and future ability to pay the fine, the appellate court observed that though the defendant was receiving unemployment compensation there was no indication of the amount of the benefits and no information as to the expenses of the defendant. The defendant's

wife in *Morrison* was employed, but it was not shown what her income was and whether she contributed to the maintenance of the household. The court commented, too, that the trial court did not inform itself about the defendant's background, including education and skills for employment. I would add that the appellate court could have noted the failure to ascertain the extent, if any, of the defendant's indebtedness.

I am not suggesting that there should be a formal catechism of inquiry to be used by the trial court, but certainly something more should be required than was done here.

The majority says that the defendant's ability to pay a fine at the time of his sentencing was, on the record here, irrelevant because the statute permits the court, in the event of a default in payment, to allow the offender additional time or to reduce the fine or revoke it. To me the plain language of the statute shows that the legislature's intention was that the trial court, in fixing the fine, should determine and consider the offender's available resources and also his future ability to pay. That intendment is not fulfilled by holding that the defendant's ability to pay at the time of sentencing is irrelevant because the court may later reduce or revoke a fine that may have been arbitrarily imposed.