THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PAMELA KAY CLARK, Defendant-Appellant.

Fourth District   No. 4—89—0216

Opinion filed December 14, 1989.

Daniel D. Yuhas and Judith L. Libby, both of the State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On January 16, 1987, Pamela Kaye Clark (defendant) pleaded guilty in the circuit court of McLean County to aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6)) and part of her sentence provided for 30 months' probation. Subsequently, this probation was revoked and, on February 7, 1989, defendant was sentenced to a new term of 30 months' probation with no credit for prior probation. Conditions of this probation included a 30-day jail sentence with good behavior time to apply, payment of costs, and a fine of $200 payable by August 1, 1989. In addition, she was assessed a $10-per-month proba-

tion fee and ordered to regularly attend Human Resources counseling sessions. Defendant appeals, contending the $200 fine was erroneous because there was no showing that the trial court considered defendant's financial resources or ability to pay.

Section 5—9—1(d)(1) of the Unified Code of Corrections provides:

"(d) In determining the amount and method of payment of a fine, the court shall consider:

(1) the financial resources and future ability of the offender to pay the fine." Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1(d)(1).

In *People v. Maldonado* (1985), 109 Ill. 2d 319, 487 N.E.2d 610, our supreme court held section 5—9—1(d)(1) to be mandatory and required that the sentencing court be possessed of an opinion relative to financial resources and future ability to pay. However, it was held that what is required "is that the record show that the court considered the financial resources and future ability of the offender to pay the fine." (*Maldonado*, 109 Ill. 2d at 324, 487 N.E.2d at 612.) A specific opinion is not necessary. The trial court's statement in *Maldonado*—" 'I would note that the defendant had been gainfully employed, and that, as testified, he's been on unemployment' "—was held sufficient to indicate that the court had considered defendant's financial resources and future ability to pay. *Maldonado*, 109 Ill. 2d at 324, 487 N.E.2d at 612-13.

Our court in *People v. Jumper* (1983), 113 Ill. App. 3d 346, 353, 447 N.E.2d 531, 536, in upholding the imposition of a fine, held that the "trial judge need not specifically state that a defendant was determined to have the financial resources and ability to pay. The finding is implicit in the imposition of a fine where the judge is aware of the facts which support such a determination." The $200 fine in *Jumper* was upheld where the court was aware of the 19-year-old defendant's lack of debt, ability to work, and the sentence was probation rather than jail time.

The *Maldonado* test, requiring the record to show the court's consideration of financial resources and future ability to pay, may not be the same. It is not inconsistent, however, with the *Jumper* test of the findings under section 5—9—1(d)(1) being implied where the record indicates the judge was aware of the facts which support such a determination.

The order for probation and certificate of conditions now appealed from was executed on February 7, 1989. The court's order evidently was based solely on the presentence investigation report, which had been filed on February 1, 1989. That report indicates defendant was a

44-year-old unmarried woman, without children, living in a trailer owned by her and located on a lot evidently owned by her. She had been diagnosed as having a "paranoid personality disorder," prescribed medication, and ordered to counseling, but had not followed through with either medication or counseling. In simple terms, her conduct can be described as that of a troublemaker. The report indicated that the probation department staff found it extremely difficult to work with her. The report states that she has not worked for the past few years and her support consists of $339 permanent social security, $10 per month from supplemental security income, and $51 per month in food stamps. In addition to the trailer and lot, she owns a 1975 Comet automobile. The report indicates defendant stated that she had no monthly financial obligations and no outstanding financial obligations. The long history included in the report indicates the frustrations the court, probation officers, and Human Resources staff had faced in dealing with defendant.

■ It is apparent from the record that the trial court was aware of the defendant's financial resources and future ability to pay fines. The amount of the fine and the delay in the requirement of the payment of the fine adequately establish that the court considered the financial resources and future ability of the defendant to pay the fine.

■ Since the trial court is in a better position to assess the proper factors, a reviewing court will not disturb a sentence imposed within the statutory guidelines absent an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 279-80, 412 N.E.2d 541, 547.) Here we find no such abuse.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.