THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GLENN AULER, Defendant-Appellant.

Fifth District No. 5—92—0224

Opinion filed October 4, 1993.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Larry Dunn, State's Attorney, of Olney (Norbert J. Goetten, Stephen E. Norris, and Diane L. Campbell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Defendant Glenn Auler pled guilty to the aggravated criminal sexual abuse of an 11-year-old girl. He was sentenced to four years in prison, fined $1,000, and ordered to pay restitution to cover counseling costs should the victim choose to seek counseling. The defendant was the victim's grandmother's live-in companion of 22 years when this incident occurred.

Defendant appeals only his sentence. He contends that he is entitled to a new sentencing hearing (1) because the trial court considered an improper aggravating factor, and (2) because a four-year prison term is excessive in light of his age and his medical condition. He also argues that the trial court abused its discretion by fining him $1,000 without considering his ability to pay and that the restitution order is void and ambiguous and must be vacated. We affirm the sentence and fine but vacate the restitution order and remand that portion of the sentence to the trial court.

■ Defendant first challenges the trial court's application of section 5—5—3.2(a)(14) of the Unified Code of Corrections (Ill. Rev. Stat., 1990 Supp., ch. 38, par. 1005—5—3.2(a)(14)) to his case. Section 5—5—3.2(a)(14) states that the trial court may consider, as an aggravating factor, that the defendant held a position of trust or supervision in relation to a victim who was under the age of 18 when the abuse was committed. (Ill. Rev. Stat., 1990 Supp., ch. 38, par. 1005—5—3.2(a)(14).) The statute describes the type of position of trust or supervision it applies to as being "such as, but not limited to" those of a teacher, scout leader, baby-sitter or day-care worker. Defendant argues that the trial court erred when it determined that he held a position of trust with the victim. He asserts that he was not acting as anything more than a surrogate grandfather, or a family member, when the incident occurred. He suggests that the position of trust as an aggravating factor does not apply to family members. We disagree.

The position-of-trust aggravating factor in section 5—5—3.2(a)(14) applies to *anyone* charged under one or more of the 10 statutes specifically listed in that section. (Ill. Rev. Stat., 1990 Supp., ch. 38, par. 1005—5—3.2(a)(14).) These statutes include the following: indecent solicitation of a child; sexual relations within families; soliciting for a juvenile prostitute; juvenile pimping; exploitation of a child; child pornography; criminal sexual assault; aggravated criminal sexual assault; criminal sexual abuse; and aggravated criminal sexual abuse.

The defendant is charged under the aggravated criminal sexual abuse statute, section 12—16 of the Criminal Code of 1961. (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(c)(1)(i).) A family member could also be charged under this statute (Ill. Rev. Stat. 1991, ch. 38, par. 12—16(b) (now 720 ILCS 5/12—16(b) (West 1992))) and *would have* to be charged under sexual relations within families statute (Ill. Rev. Stat. 1991, ch. 38, par. 11—11 (now 720 ILCS 5/11—11 (West 1992))). The legislature made no distinction, based on family ties, between subsections (b) and (c)(1)(i) when it determined that the position-of-trust aggravating factor in section 5—5—3.2(a)(14) would apply to section 12—16. We decline to create such a distinction.

We also disagree with defendant's argument that the position-of-trust aggravating factor did not apply to him because it was meant to apply only to individuals whose position of trust was far removed from that held by the defendant as a surrogate grandfather. The defendant suggests that, as a surrogate grandfather, he is not within the class of individuals against whom this aggravating factor was meant to apply because he does not, as a result of his position, have special access to children. In support of this argument, defendant cites *People v. Bosley* (1990), 197 Ill. App. 3d 215, 553 N.E.2d 1187, which applied this factor in sentencing a church pastor, and *People v. Stephenson* (1990), 198 Ill. App. 3d 189, 555 N.E.2d 802, which involved a manager of a relief home for the retarded.

Other cases, however, have applied this factor in sentencing a stepfather (*People v. Burke* (1992), 226 Ill. App. 3d 798, 589 N.E.2d 996) and a mother's boyfriend (*People v. Landis* (1992), 229 Ill. App. 3d 128, 593 N.E.2d 893). The *Landis* court held that the trial court correctly applied the position-of-trust aggravating factor because the mother let the defendant into her home and near the children expecting him to act properly toward them. (*Landis*, 229 Ill. App. 3d at 137, 593 N.E.2d at 899.) Unquestionably, the victim's grandmother in this case trusted her live-in "mate" of 22 years with the child. This is, however, only half the trust at issue. Perhaps more central to determining whether the defendant was in a position of trust or supervision is an examination of the victim's trust in the defendant due to his position of trust or supervision in relation to her. Relevant questions include whether the defendant is someone the victim would naturally trust because of the position he or she holds in relation to the victim and whether the defendant was someone the victim would obey with little or no objection. Teachers, pastors, day-care workers, and baby-sitters all fall into these categories. So too do parents, stepparents, grandparents, and surrogates such as the defendant.

This conclusion is supported by *People v. Kaminski* (1993), 246 Ill. App. 3d 77, 615 N.E.2d 808, which interprets the phrase "position of supervision" (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(4)). In *Kaminski*, the defendant was charged with the criminal sexual assault of a 17-year-old minor, his sister-in-law, while he held a position of supervision in relation to her. The defendant argued unsuccessfully that as a one-time overnight social host he was not in a position of supervision when he assaulted the victim. (*Kaminski*, 246 Ill. App. 3d at 82.) The court noted that "it is the position of 'trust, authority or supervision' which often provides a heightened opportunity for the sexual assault to occur" and that the vulnerability of a child in such circumstances is a separate factor which justifies a stronger penalty. (*Kaminski*, 246 Ill. App. 3d at 81, 619 N.E.2d at 811.) We agree.

Here, the victim considered the defendant her grandfather. The defendant admitted that he acted in this role. He, therefore, held the position of trust or supervision toward the victim that grandparents traditionally occupy in relation to their grandchildren. Accordingly, the trial court did not err when it concluded that the position-of-trust factor in aggravation was applicable in this case.

■ The defendant next argues that his four-year prison term is excessive and that his case must be remanded for the trial court to consider a sentence of probation. The sentence is excessive, he contends, because the trial court did not adequately consider his age and medical condition as mitigating factors.

The imposition of a sentence is a matter of judicial discretion, and absent an abuse of this discretion, the sentence of the trial court may not be altered upon review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 883.) Defendant pled guilty to a Class 2 felony. He was eligible for a sentence of three to seven years' imprisonment. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(5).) In sentencing the defendant, the trial court not only considered factors in aggravation and in mitigation, but it also reviewed letters from the defendant's friends and health care professionals.

In aggravation, the trial court considered: (1) that the defendant has a history of prior criminal activities; (2) that there was a prior similar incident; (3) that the defendant had refused to accept responsibility and lacked remorse; (4) that the sentence was necessary to deter others from committing similar offenses; and (5) that the defendant held a position of trust or supervision in relation to the victim.

In mitigation, the trial court noted that the defendant intended no physical harm to the victim. Also noted, with concern, was the fact that imprisonment posed a danger to the defendant's medical condi-

tion. The trial judge stated that he carefully considered the 67-year-old defendant's medical condition, which included possible coronary artery disease, hypertension, and an overweight condition. He concluded that these afflictions were not life threatening.

Finally, the trial court stated that probation would depreciate the seriousness of the offense and would "be inconsistent with the ends of justice." Given this careful consideration of defendant's age and medical condition and the seriousness of the crime, we conclude that the trial court did not abuse its discretion when it sentenced the defendant to four years in prison.

■ Nor did the trial court abuse its discretion by fining the defendant $1,000. The defendant contends that the record supports the conclusion that he has no financial ability to pay the fine.

A fine may be imposed as part of a sentence. In determining the fine, the court shall consider the defendant's financial resources and future ability to pay. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—9—1(d)(1).) What is required is that the record show that the court considered the financial resources and future ability of the defendant to pay. (People v. Maldonado (1985), 109 Ill. 2d 319, 324, 487 N.E.2d 610, 612.) The trial judge stated that he was aware of the defendant's financial condition. He went on to state that, in setting the fine, costs, and restitution, he considered the defendant's statement about his financial condition, the fact that he had filed bankruptcy in 1991, the suspension of his pension benefits during incarceration, and the loss of a part-time job. The record sufficiently demonstrates that the court considered the defendant's financial resources and his future ability to pay.

■ Defendant's last argument is that the restitution order is void and must be vacated. Alternatively, he contends that the restitution order must be remanded and a more specific order must be entered.

Section 5—5—6(g) of the Unified Code of Corrections states that the court shall, after determining defendant's ability to pay, require the defendant to pay for the victim's counseling services in this case. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(g).) These payments are made to the circuit court clerk and are transmitted by the clerk to the proper person or agency. The court may require the payments for a period not to exceed five years after the sentencing. Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(g).

This provision permits an order of restitution for prospective counseling expenses in sex abuse cases. (People v. Cole (1990), 193 Ill. App. 3d 990, 996, 550 N.E.2d 723, 728, abrogated in part by People v. Schott (1991), 145 Ill. 2d 188, 582 N.E.2d 690.) However, in order

to provide for the finality of a sentence, such an order should include the following factors:

> "(1) a maximum dollar limit; (2) a time frame for counseling and proof of expenses incurred, *e.g.*, within one year of sentencing, or the term of probation where probation is imposed; (3) that the court services department or probation office monitor and administer the payment of restitution; (4) in the event that a dispute develops, that either party may petition the court for resolution thereof; and (5) when bond money is being withheld for use for restitution, a date when any bond monies not so used will be remitted to defendant." *Cole*, 193 Ill. App. 3d at 996, 550 N.E.2d at 728.

The trial court's order of restitution does not meet the *Cole* requirements because it does not fix a sufficiently clear and definite sentence, one that may be enforced without further judicial action. (*Cole*, 193 Ill. App. 3d at 996, 550 N.E.2d at 727.) Therefore, the cause is remanded for the trial court to specify the amount, duration, and other conditions of the restitution. *People v. Hileman* (1989), 185 Ill. App. 3d 510, 517, 541 N.E.2d 700, 704.

The defendant's sentence of four years' imprisonment is affirmed. The imposition of the fine is affirmed. The case is remanded for the trial court to specify the maximum amount, duration, and other conditions of the restitution order.

Affirmed and remanded with directions.

WELCH and MAAG, JJ., concur.