THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KARL J. KRUEGER, Defendant-Appellant.

(No. 73-121;

Second District—September 3, 1974.

Ralph Ruebner and Adam Lutynski, both of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz and Edward Morris, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant, charged with armed robbery and conspiracy to commit armed robbery, pled guilty to the lesser included offense of robbery and was sentenced to 3 to 9 years in the Illinois State Penitentiary.

The sole basis for this appeal is that this defendant received a greater sentence than his codefendants.

The defendant, one Kathy Weeks Borin and Michael Borin, her husband, drove their car to about a block from a Union 76 gas station in Lake County. They had discussed the robbing of this gas station, and at this point Mr. Borin tried to dissuade his wife from doing so. Mrs.

Borin and the defendant, each armed with a pistol, and with silk stockings over their heads, went to the gas station and held up the attendant. Mrs. Borin did not remove the pistol from her pocket. The attendant was taken to the women's wash room and, as the defendant was taking the money out of the cash register, the owner of the station arrived, scuffled with the defendant, took the defendant's gun away from him, and the gun was discharged in the process. The owner, in subduing the defendant, hit him over the head with the gun. In the meantime Kathy Borin had fled from the gas station and was apprehended the next day. Mrs. Borin was sentenced to the State Reformatory for Women for 1½ to 4 years. Mr. Borin, who had at first apparently been in on the plan to rob the station and then had tried to dissuade the others from doing so, was given 3 years' probation with the first year to be served in the work-release program in the Lake County jail.

Defendant contends that the disparate sentence imposed on Mrs. Borin in contrast to the sentence imposed upon him warrants a reduction in his sentence to that imposed upon his codefendant.

At first blush it would appear that the culpability of Mrs. Borin was in fact equal to that of the defendant. The only difference in the degree of culpability being that Mrs. Borin did not remove her pistol from her pocket during the hold-up. Neither defendant nor Mrs. Borin has any prior record. The defendant at the time of the robbery was almost 19 years of age, and Mrs. Borin was about the same age.

■■ Disparity of sentences does not of itself warrant reduction of the greater sentence imposed upon a codefendant. (*People v. Thompson* (1967), 36 Ill.2d 478, 482, 224 N.E.2d 264.) Similarly, the reduction of sentences by this court pursuant to Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(4)) should be exercised with caution as the trial judge ordinarily has a better opportunity during the course of the trial and in the hearing in aggravation and mitigation to make a sound determination of the sentence that should be imposed. *People v. Taylor* (1965), 33 Ill.2d 417, 211 N.E.2d 673.

Despite the above, we believe that the sentence of the defendant should be reduced in view of the facts of this case. First, the accountability of the defendant was commensurate with that of his codefendant, Mrs. Borin, notwithstanding the fact that she did not in fact use the weapon with which she was armed in the robbery. Second, defendant was of approximately the same age as Mrs. Borin and, like Mrs. Borin, had no prior criminal record. Third, not only was the defendant remorseful for the act committed, the probation officer did not oppose probation; and for what it is worth, the defendant is a product of a broken home. It

would appear further that under proper guidance there is the potential for rehabilitation of the defendant.

■■ Accordingly, the sentence of the defendant is reduced to that imposed upon his codefendant to a minimum of 1½ years and a maximum of 4 years. As so modified, the judgment is affirmed.

Judgment of conviction affirmed; sentence modified.

T. MORAN, P. J., and SEIDENFELD, J., concur.