THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACOB KILLEN, Defendant-Appellant.

Fourth District    No. 17149

Opinion filed April 29, 1982.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Following a jury trial, the defendant, Jacob Killen, was convicted of robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—1), attempt rape (Ill. Rev. Stat. 1979, ch. 38, par. 8—4), and deviate sexual assault (Ill. Rev. Stat. 1979, ch. 38, par. 11—3). Defendant was sentenced to a term of 7 years for robbery, 15 years for attempt rape, and 30 years for deviate sexual assault. He now appeals his sentence, contending that the trial court abused its discretion in sentencing him to 30 years' imprisonment for deviate sexual assault. For the reasons enunciated below, we vacate defendant's sentence and remand for resentencing for the deviate sexual assault conviction.

As no issue as to reasonable doubt is raised, we need only briefly outline the factual background of the case. The victim of the deviate sexual assault was an 18-year-old female employed as a clerk at a convenience food store in Springfield, Illinois. She identified the defendant as the individual who came into the food store on July 15, 1980, at approximately 4 a.m. Her shift was from midnight to 8 a.m., and she worked alone. The defendant came up behind her and stuck something in her back which she thought to be a knife but did not see it. He then forced her to give him the money from the cash register. After receiving the money, he directed the clerk into a storage room. Once inside, he ordered her to disrobe. The clerk was forced to bend over and defendant attempted to penetrate her but was unable to do so. He then ordered her to perform an act of fellatio upon him, with which she complied. He attempted to again have intercourse with her but was unable to penetrate her. He then had her perform a fellatio act again. He threatened to "cut her" if she failed to comply with his demands. While engaged in the fellatio act, defendant asked of the victim questions of a personal nature. After completion of the fellatio act, defendant fled from the store via an emergency door.

The presentence report disclosed that the 20-year-old defendant had two prior felony convictions; a burglary conviction in 1979 and a recent conviction in 1980 for armed robbery. He was serving a 7-year sentence for armed robbery at the time of the sentencing hearing. The State recommended that the defendant be sentenced to a 25-year term of imprisonment for deviate sexual assault not to be served concurrently with the 7-year imprisonment he was currently serving for armed robbery. However, the trial court stated that it was considering that "the offense of deviate sexual assault was accompanied by exceptionally heinous behavior indicative of wanton cruelty" and sentenced defendant

to a 30-year term of imprisonment for deviate sexual assault. The court also stated that because of the exceptionally heinous behavior indicative of wanton cruelty, the defendant could have been sentenced to an extended term. The 30-year term of imprisonment for deviate sexual assault was to run concurrently with the prison terms for robbery and attempt rape and also with the sentence imposed for the prior armed robbery conviction. For two reasons, we conclude that the trial court erroneously considered as a factor that the offense of deviate sexual assault was accompanied by exceptionally heinous behavior indicative of wanton cruelty.

■ Section 5—5—3.2(a) of the Unified Code of Corrections sets forth factors in aggravation for the trial court to consider in deciding whether a term of imprisonment or a more severe sentence should be imposed. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(a).) Section 5—5—3.2(b)(2) provides that the trial court may consider as a reason to impose an extended term sentence that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(2).) It is clear that the statute provides that the court is only to make a finding that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty in imposing an extended-term sentence. In the instant case, the trial court made such a finding, noting that he could sentence the defendant to an extended term, but instead used the finding to impose a maximum term sentence. As a Class X felony was involved, the court could have sentenced the defendant to not less than 6 years nor more than 30 years. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(3).) We believe that the trial court's approach short circuits the sentencing procedures set forth in the Unified Code of Corrections. In imposing a sentence, the court is to consider the factors in aggravation and mitigation, and then, and only then, may the court consider whether an extended-term sentence should be imposed because the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. Section 5—5—3.2(b)(2) was not intended to provide an automatic imposition of a maximum term sentence, without imposing the extended-term sentence. Therefore, section 5—5—3.2(b)(2) is to be considered only in establishing an extended-term sentence. Otherwise, a trial court could leap to a conclusion that a maximum term could be imposed without consideration of factors in aggravation and mitigation.

■ Nor do we believe that the offense of deviate sexual assault in the instant case was accompanied by exceptionally heinous behavior indicative of wanton cruelty. As noted recently by the supreme court, the extended term provisions in the Unified Code of Corrections were not intended to convert every offense into an extraordinary offense subject to

an extended term sentence. (*People v. Evans* (1981), 87 Ill. 2d 77, 429 N.E.2d 520.) Certainly, crimes such as the one in the instant case are shocking and reprehensible and represent a serious problem in our society. While the underlying crime itself demonstrates a callousness on the part of the defendant and is repugnant to society, we cannot say in the instant case that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. The victim was not battered and apparently received no physical injury. No doubt, the victim has suffered deep and permanent emotional scars. While we empathize with the trial court's efforts to deter others from crimes of this nature, to say that every such crime is accompanied by heinous behavior indicative of wanton cruelty would be to divest the court of any discretion in the sentencing process.

In view of the foregoing, the defendant's sentence for robbery and attempt rape is affirmed; defendant's sentence for deviate sexual assault is vacated and remanded for resentencing.

Affirmed in part; sentence as to deviate sexual assault vacated; cause remanded for resentencing.

MILLS and TRAPP, JJ., concur.