THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD KEITH BUTTS *et al.*, Defendants-Appellants.

Fifth District   No. 5—84—0161

Opinion filed July 24, 1985.

Randy E. Blue and Steven E. Wiltgen, both of State Appellate Defender's Office, of Mt. Vernon, for appellants.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Charles E. Petersen, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendants, Ronald Keith Butts and Michael Smith, pleaded guilty to attempted murder and were sentenced to 30-year terms of imprisonment, the maximum unextended term for a Class X felony. (Ill. Rev. Stat. 1983, ch. 38, pars. 8—4(c)(1), 1005—8—1(a)(3).) Their respective motions for reconsideration were denied, and each defendant timely appealed. We granted the State's motion to consolidate the cases.

The dispositive issue is whether the court improperly considered the statutory factors which justify an extended-term sentence in imposing the nonextended 30-year terms.

A brief review of the facts of the case discloses that defendants gained entry into the home of Marion Harris, an elderly man, for the purpose of stealing air conditioners. The victim was beaten around the head and face with brass knuckles and the base of a lamp, resulting in a fractured skull and head and facial injuries. Smith also admitted stabbing the victim in the chest. Since the time of the crime, the victim has been confined to a hospital or a nursing home. Both defendants cooperated with the police and each blamed the other for the beating of Mr. Harris. Defendant Butts aided the police in partial recovery of the stolen property.

At the sentencing hearing, the State put on evidence in reference to aggravation over objection of defense counsel. The legal guardian of the victim testified to the deleterious effects of the criminal incident on Mr. Harris. Patrick Delaney, the investigating officer, testified that the victim was found naked, unconscious, covered with blood, and very weak. His dental plate and a tooth were found in the living

room, along with blood on the furniture and floor. The house had been ransacked throughout.

The court pronounced its findings at the sentencing hearing as follows:

"Based upon the Court's independent assessment, and in accordance with Illinois Revised Statutes, Chapter 38, Section 1005—4—1, the Court finds as to Defendant Butts as factors in aggravation that in committing the felony, the defendant inflicted serious bodily injury to another; that a sentence is necessary to deter others from committing the same crime; and that the defendant committed a heinous crime under the circumstances for which an extended term of imprisonment can be imposed.

The Court finds as factors in mitigation as to the Defendant Butts that the defendant has no prior history of delinquency or criminal activity, and that the defendant is 18 years of age."

The same factors were found as to Smith with an additional finding of prior delinquent and/or criminal activity.

Defendants argue that the court should have considered the factors in mitigation and aggravation (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—5—3.1 and 1005—5—3.2), and only then could the court examine or consider exceptionally brutal or heinous behavior in determining whether to impose an extended term. They argue that the court committed reversible error by considering heinous behavior in imposing a nonextended sentence, and in support of this contention, cite *People v. Killen* (1982), 106 Ill. App. 3d 65, 435 N.E.2d 789.

In *Killen*, the defendant was convicted in a trial by jury of robbery, attempted rape, and deviate sexual assault. Upon sentencing, the trial judge stated that he had considered "that because of the exceptionally heinous behavior indicative of wanton cruelty, the defendant could have been sentenced to an extended term," and then sentenced the defendant Killen to the maximum term of imprisonment for deviate sexual assault to run concurrently with sentences imposed for the other convictions. The court held that the factors listed in section 5—5—3.2(b)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b)(2)) may be considered only when an extended term is being contemplated by the court. Because the trial court's approach short-circuited the sentencing procedures, the sentence was vacated. *People v. Killen* (1982), 106 Ill. App. 3d 65, 67, 435 N.E.2d 789, 790.

Defendants urge that *Killen* dictates a similar result here because there was no appreciable difference between the sentencing proce-

dures in *Killen* and those utilized in the instant case. We note, however, that *Killen* was decided on two bases. The second reason for the decision in *Killen* was that the court rejected the trial judge's finding of exceptionally heinous behavior accompanying the offense for which Killen was sentenced to a maximum term. The victim was not battered and received no physical injury. The circumstances surrounding the instant crime were markedly different, and there is no dispute that the unexplained beating and attack of the elderly victim caused him serious and permanent harm.

Insofar as the first basis for remand in *Killen* is asserted as controlling, we decline to follow the court's reasoning. As the State points out, nothing in the sentencing code explicitly prohibits the court from assessing the brutal character of an offender's conduct in the commission of a crime when evaluating a nonextended term. Rather, the statutory scheme *permits* extended terms only when certain specified aggravating factors are found, one of which is exceptionally heinous behavior. It does not follow that a consideration of brutal or heinous conduct is disallowed when determining an appropriate nonextended term. Qualifications of statutory language such as the ones urged on this appeal will not be added by judicial interpretation unless plainly implied or necessary to effect legislative purpose. (*In re Application of Walgenbach* (1983), 117 Ill. App. 3d 14, 452 N.E.2d 760.) Inherent in any sentencing procedure is the court's evaluation of the character of defendant's conduct in committing an offense and the gravity of the harm imposed.

We find no error in the sentencing procedure followed concerning the instant defendants, and therefore affirm the sentences imposed.

Affirmed.

HARRISON and WELCH, JJ., concur.