THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES COMPTON, Defendant-Appellant.

Fourth District   No. 4—89—0408

Opinion filed February 1, 1990.

Daniel D. Yuhas and M. Jeffrey Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Nancy Owen, State's Attorney, of Charleston (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Defendant Compton (defendant) and Kim Parse were charged by information with forgery and both pleaded guilty. Parse is not involved in this appeal. The trial court sentenced defendant to five years' imprisonment and later denied his motion to reconsider the sentence and for leave to withdraw his guilty plea. Defendant appeals.

On November 29, 1988, defendant and Kim Parse were charged with forgery after they took a check belonging to Amy McLain, forged her endorsement, and cashed the check. Defendant and Parse originally pleaded not guilty to the charge, but later withdrew their pleas and entered guilty pleas on March 6, 1988. Pursuant to the plea agreement, the court sentenced Parse to a two-year term of probation, 100 hours' public service work, $5-a-month probation fee, restitu-

tion in the amount of $170.40, and a fine and court costs equal to the bond posted. The court also directed the probation officer to prepare a presentence investigation report for defendant.

On April 17, 1989, the trial court sentenced defendant to five years' imprisonment. The court failed to give defendant credit for time spent in custody prior to the conviction. On May 8, 1989, the court denied defendant's motion to reconsider sentence and for leave to withdraw his guilty plea.

On appeal, defendant argues that (1) his sentence must be vacated and the cause remanded for a new sentencing hearing; (2) his sentence was excessive and should be reduced; and (3) he is entitled to one day of sentence credit. Defendant first argues that his sentence must be vacated and the cause remanded for a new sentencing hearing. We grant defendant a one-day sentence credit, but otherwise affirm the trial court.

Defendant believes two errors were committed during sentencing: (1) the court improperly considered defendant to be eligible for an extended-term sentence when sentencing him to a nonextended term; and (2) the State represented to the court just prior to sentencing that defendant was the instigator of the offense.

We find defendant's argument concerning the court's consideration of an extended-term sentence to be waived. To preserve a question of trial error for review, there must be both a trial objection and a written post-trial motion raising the issue. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274.) There was no objection at trial when the court made its statement or when it imposed the sentence, and the issue was not included in the written post-trial motion presented for appeal. Furthermore, this is not an instance where the plain error rule applies. The alleged error is waived.

We do note, however, that defendant's contention is without merit. Defendant points to a portion of the trial court's comments prior to sentencing, which contains the following:

"But as I understand the law and the record, he would, under these circumstances be eligible for a sentence of up to ten years in the penitentiary."

The trial court was alluding to the fact that defendant was eligible for an extended term. Later, at the motion to reconsider defendant's sentence, the trial court stated:

"Isn't this a case where the extended term applies? So, he didn't receive the maximum. He received the maximum without extended term."

Once again, the trial court alluded to the fact that defendant was eligible for an extended-term sentence. Defendant argues that because the court found he had a prior juvenile and criminal history, and discussed the possibility of an extended-term sentence, he is entitled to a new sentencing hearing.

Defendant relies on *People v. Killen* (1982), 106 Ill. App. 3d 65, 435 N.E.2d 789, in demanding a new sentencing hearing. In *Killen*, the trial court made an express finding that the offense involved was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. This finding is a factor to be considered in imposing an extended sentence. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(2).) However, the trial court in *Killen* failed to impose an extended-term sentence. Instead, the court used the finding of exceptionally brutal or heinous behavior to impose the maximum nonextended sentence for the offense. We held in *Killen* that the trial court's approach short-circuited the sentencing procedures set forth in the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(2)). We further held in *Killen* that a court may only consider a finding under section 5—5—3.2(b)(2) of the Code (exceptionally brutal or heinous behavior of wanton cruelty) in imposing an extended-term sentence and that such finding may not be used to impose the maximum sentence allowed. This prohibition was to prevent a trial court from imposing a maximum term without considering factors in aggravation and mitigation. *Killen*, 106 Ill. App. 3d 65, 435 N.E.2d 789.

Defendant maintains that, like the court in *Killen*, the trial court here used an extended-term factor to impose the maximum sentence. Defendant is wrong in his assertion. Furthermore, we now overrule *Killen*.

During the sentencing hearing, the trial court first considered factors in aggravation and mitigation. Factors in aggravation included defendant's adjudication as a delinquent on an attempt (burglary) charge, and his conviction as an adult of burglary and residential burglary. Only after the court considered factors in aggravation and mitigation did it mention the possibility of an extended-term sentence. Defendant, however, argues that the court's finding of a prior juvenile and criminal history was an extended-term factor listed under section 5—5—3.2(b)(1) of the Code (conviction of any felony, after having been previously convicted in Illinois of the same or greater class felony, when such conviction has occurred within 10 years after the previous conviction). (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(1).) What defendant fails to realize is that the trial court's finding was an ag-

gravating factor listed under section 5—5—3.2(a)(3) of the Code (defendant has a history of prior delinquency or criminal activity) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(a)(3)), and, as such, was properly used to impose a more severe sentence. The trial court did not engage in the type of analysis this court found improper in *Killen*.

Furthermore, the record does not support defendant's view that the trial court used his eligibility for an extended term as a basis for imposing the maximum nonextended sentence. A trial court's sentence will not be reversed unless it is clear that the sentence was improperly imposed. (*People v. Ward* (1986), 113 Ill. 2d 516, 499 N.E.2d 422, *cert. denied* (1987), 479 U.S. 1096, 94 L. Ed. 2d 168, 107 S. Ct. 1314.) The court articulated other substantial bases for its imposition of the maximum nonextended sentence. The court was most concerned with defendant's prior criminal history involving the taking of others' property. Defendant had also previously been sentenced to concurrent three- and four-year sentences for burglary, which failed to deter him from engaging in the present crime. Thus, it cannot be said the court's belief that an extended sentence could be imposed had any effect on the sentence it did impose.

■ Finally, we conclude that *Killen* must be overruled. Nothing in the sentencing code prevents courts from assessing the brutal character of an offender's conduct in the commission of a crime when evaluating a nonextended term. Instead, section 5—5—3.2 allows courts to impose extended terms only when certain aggravating factors are found. The fact that section 5—5—3.2 sets forth aggravating factors does not prohibit the consideration of such factors in imposing nonextended terms. (See *People v. Butts* (1985), 135 Ill. App. 3d 132, 481 N.E.2d 987.) Furthermore, it does not matter if a court first determines whether defendant was eligible for extended-term provisions and then determines a nonextended sentence should be imposed. *People v. Angelly* (1988), 167 Ill. App. 3d 477, 521 N.E.2d 306.

■ Defendant next argues that he is entitled to a new sentencing hearing because the State represented to the court, just prior to sentencing, that he was the instigator of the offense, when there was no such evidence in the case. However, we also find this issue to be waived. As stated previously, an issue presented for appeal must be preserved by objecting at the trial level and including the issue in a post-trial motion. (*Enoch*, 122 Ill. 2d at 186, 522 N.E.2d at 1130.) The record shows that although defendant included the issue in a post-trial motion, defendant's counsel failed to object to the State's remarks at trial.

■ Furthermore, defendant's claim fails on the merits. When the

record indicates that the weight placed on an improperly considered aggravating factor was so insignificant that it did not result in a greater sentence, remand for a new sentencing hearing is not required. (*People v. Bourke* (1983), 96 Ill. 2d 327, 449 N.E.2d 1338.) There is no indication whatsoever that the trial court placed any weight on the State's remark. The remark was never mentioned by the court, and there was adequate evidence to support the five-year sentence. Defendant's request for a new sentencing hearing is denied.

Defendant's second contention is that his sentence must be reduced because the record as a whole demonstrates that a five-year term is excessive. Defendant first argues that because of the presence of mitigating factors, his sentence is excessive. Statutory mitigating factors defendant argues are present include: (1) defendant's conduct neither caused nor threatened serious physical harm to another; (2) defendant did not contemplate that his criminal conduct would cause or threaten serious physical harm to another; (3) defendant's conduct was induced or facilitated by another person; (4) defendant's character and attitudes indicate he is unlikely to commit another crime since he stated to the court that he knew he made a mistake and was sorry; and (5) the imprisonment of defendant would entail excessive hardship to his dependents, since his fiancee is pregnant and defendant supports a child from a previous marriage. Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.1(a).

■ It is apparent from the record, however, that the trial court carefully considered the statutory mitigating factors. Moreover, where mitigation evidence is before the court, it is presumed that the sentencing judge considered the evidence, absent some indication, other than the sentence imposed, to the contrary. (*People v. Goodman* (1983), 116 Ill. App. 3d 125, 127-28, 451 N.E.2d 607, 609.) Absent an abuse of discretion on the part of the trial court, a sentence will not be altered on review. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Defendant also argues that his sentence is excessive in light of the fact that he cooperated with authorities and pleaded guilty to the charge. The fact that defendant made such a plea is a relevant factor in mitigation. (*People v. Bergman* (1984), 121 Ill. App. 3d 100, 458 N.E.2d 1370.) The record shows that the trial court looked favorably on the fact that defendant had cooperated with the authorities.

■ Defendant next argues that his sentence is excessive because his partner in crime, Parse, received probation. Fundamental fairness and respect for the law require that defendants similarly situated not receive grossly disparate sentences. (*People v. Henne* (1973), 10 Ill.

App. 3d 179, 293 N.E.2d 172.) Defendant and Parse were not similarly situated. While defendant had a string of juvenile and adult offenses, Parse had none. Disparate sentences may be imposed when the defendants' criminal records differ. *People v. Krankel* (1985), 131 Ill. App. 3d 887, 476 N.E.2d 777.

■ Defendant's next argument is that his sentence is excessive because the probation department failed to recommend imprisonment. While the final sentencing determination is exclusively a matter for the court, the recommendation of a probation officer is entitled to some weight. (*People v. Krueger* (1974), 21 Ill. App. 3d 1084, 316 N.E.2d 189.) In the instant case, the probation officer described the chances of defendant successfully completing a term of probation only as "fair." Furthermore, the probation officer never specifically recommended probation. It is apparent from the record that the court considered the probation department's presentence report.

■ ■ Defendant's final argument concerning his sentence is that it is excessive because the trial court failed to give adequate consideration to his rehabilitative potential. Specifically, defendant argues that the trial court failed to take into account his age, work history and future employment prospects. In a sentence determination, the objective of restoring the offender to useful citizenship is to be accorded no greater consideration than that which establishes the seriousness of the offense. The prime responsibility for striking the proper balance between the potential for rehabilitation and the seriousness of the offense rests with the trial court. (*People v. Waud* (1977), 69 Ill. 2d 588, 596, 373 N.E.2d 1, 4.) The trial court here specifically considered defendant's rehabilitative potential and found the best sentence to be five years' imprisonment. Defendant was not rehabilitated after juvenile proceedings, nor was he rehabilitated after his three- and four-year consecutive sentences. Thus, the court determined a five-year sentence was necessary to rehabilitate defendant.

A trial court is normally in a better position to determine the punishment to be imposed than a court of review. Therefore, absent an abuse of discretion on the part of the trial court, a sentence will not be altered on review. (*Perruquet*, 68 Ill. 2d 149, 368 N.E.2d 882.) The trial court did not abuse its discretion in sentencing defendant. Defendant's sentence is upheld.

Defendant's final contention is that he is entitled to one day of sentence credit. The State concedes that defendant is so entitled. Defendant was arrested and taken into custody on November 30, 1988, and later that day posted bond and was released. At trial, the prosecutor represented to the court that defendant was taken into

custody and released the same day after posting bond and that he did not spend any time incarcerated. The court determined that defendant was not entitled to any sentence credit.

Section 5—8—7(b) of the Code provides: "The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed ***." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7(b).) If defendant is held in custody for any part of a day, he is entitled to credit against his sentence for that day. (*People v. Johns* (1984), 130 Ill. App. 3d 548, 474 N.E.2d 739.) Defendant is entitled to one day of credit on the sentence imposed for this offense.

Affirmed in part; reversed in part and remanded with instructions to give defendant one day of credit on his sentence.

Affirmed in part; reversed in part and remanded.

STEIGMANN and McCULLOUGH, JJ., concur.