THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM H. NOBLE, Defendant-Appellant.

Fourth District   No. 4—90—0001

Opinion filed September 5, 1990.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Donna Dagnall, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Following a jury trial in McLean County, defendant, William Noble, was convicted of residential burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—3) and sentenced to eight years' imprisonment. On appeal, defendant contends the trial court abused its discretion when, after defendant declined his right of allocution, the court asked him questions and considered his responses when determining the sentence. We affirm.

On August 31, 1988, defendant was charged by information with residential burglary. (Ill. Rev. Stat. 1987, ch. 38, par. 19—3.) The charges brought against defendant arose out of an incident where defendant drove two juveniles to the target of the burglary and stored stolen items in his residence.

On September 11, 1989, this case was tried before a jury. At trial, defendant argued he unwittingly drove the two juveniles to the target of the burglary and, at most, unknowingly stored some of the stolen items. After hearing the evidence and being instructed under an accountability theory, the jury found defendant guilty of the offense of residential burglary.

On November 2, 1989, a sentencing hearing was held. The trial judge took judicial notice of both the presentence investigation report, filed on October 30, 1989, and the facts adduced at trial. The report was admitted into evidence. The State recommended the defendant be sentenced to a term of six to eight years with credit for time served. Counsel for defendant requested a minimum term. Following recommendations from both attorneys, the trial court asked defendant if he wished to make any comments. The defendant responded, "No, sir," thereby declining his right of allocution. The court then asked defendant questions regarding information within the presentence investiga-

tion report such as prior convictions and admitted heavy use of drugs and alcohol. After a series of questions, the court, while still referring to the report, summarized the factors considered and sentenced defendant to eight years' imprisonment. Defendant insists he is entitled to a new sentencing hearing.

The sole issue presented for review is whether the trial court abused its discretion at the sentencing hearing when, after defendant declined to exercise his right of allocution, the court asked questions and considered defendant's responses when determining the sentence.

The State initially argues waiver since defendant failed to make a timely objection below, and did not file a post-trial motion, raising the issue for the first time on appeal. *People v. Compton* (1990), 193 Ill. App. 3d 896, 899, 550 N.E.2d 640, 642; *People v. Jolliff* (1989), 183 Ill. App. 3d 962, 970, 539 N.E.2d 913, 918.

■ We need not resolve the question whether waiver applies to alleged trial court errors committed during the sentencing hearing since we disagree with defendant's contentions on the merits. The trial court is in a better position to assess the proper sentence to be imposed than a court of review. Absent an abuse of discretion on the part of the trial court (*People v. Andrews* (1989), 132 Ill. 2d 451, 464, 548 N.E.2d 1025, 1031), a sentence imposed within the statutory limits will not be disturbed on review (*People v. Clark* (1989), 191 Ill. App. 3d 505, 507, 548 N.E.2d 120, 122).

■ Residential burglary is a Class 1, nonprobationable felony, and carries a sentence of imprisonment not less than 4 years and not more than 15 years. (Ill. Rev. Stat. 1987, ch. 38, pars. 19—3(b), 1005—5—3(c)(2)(G), 1005—8—1(4).) Defendant's sentence of eight years' imprisonment is within the statutory limits.

■ Both the United States Supreme Court and the Illinois Supreme Court have held when determining an appropriate sentence, a court should have possession of the most information possible concerning the defendant's life and characteristics. *Williams v. New York* (1949), 337 U.S. 241, 247, 93 L. Ed. 1337, 1342, 69 S. Ct. 1079, 1083; *People v. Meeks* (1980), 81 Ill. 2d 524, 535, 411 N.E.2d 9, 15.

■ Factors a court may consider when determining an appropriate sentence include the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, age, abnormal or subnormal tendencies, natural inclination or aversion to commit crime, the stimuli which motivate his conduct, and something of his life, family, occupation, and criminal record. (*People v. Dukett* (1974), 56 Ill. 2d 432, 452, 308 N.E.2d 590, 601; *People v. Heredia* (1989), 193 Ill. App. 3d 1073, 1083, 550 N.E.2d 1023, 1029.) Both the Illinois

Supreme Court and this court have approved trial courts' consideration of the defendant's attitude when determining an appropriate sentence. (*People v. Morgan* (1974), 59 Ill. 2d 276, 281-82, 319 N.E.2d 764, 767-68; *People v. Oravis* (1980), 81 Ill. App. 3d 717, 719, 402 N.E.2d 297, 299.) A trial court may also consider the lack of penitent spirit or remorse shown by the defendant. *Morgan*, 59 Ill. 2d at 282, 319 N.E.2d at 768; *People v. Mosley* (1980), 87 Ill. App. 3d 903, 905-06, 409 N.E.2d 381, 383.

■ A trial court is not confined to the evidence presented at trial when determining an appropriate sentence. The court may search anywhere, within reason, for facts which will assist in the sentencing process. (*People v. Ely* (1982), 107 Ill. App. 3d 102, 107, 437 N.E.2d 353, 357.) The only limitation to such inquiry is the information considered must be accurate and reliable. *Meeks*, 81 Ill. 2d at 535, 411 N.E.2d at 15.

The areas covered in the court's inquiry were defendant's prior criminal record and admitted prior drug use. Both issues were included in the presentence investigation report which the court referred to while determining an appropriate sentence. The defendant himself furnished the probation officer with the information on his use of drugs and alcohol. As the State argues, if a court may search anywhere within reason for information pertinent to defendant's sentence, certainly the presentence investigation report is a legitimate source. No case law supports defendant's contention this line of inquiry is improper at a sentencing hearing. In fact, every factor considered has been expressly held to be appropriate. *Dukett*, 56 Ill. 2d at 452, 308 N.E.2d at 601; *Heredia*, 193 Ill. App. 3d at 1083, 550 N.E.2d at 1029.

■ ■ The fact the questioning at issue began after defendant declined to exercise his right of allocution is irrelevant. The right of allocution affords defendant "the opportunity to make a statement in his own behalf." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—4—1(a)(5).) Defendant contends the questioning after he declined his right of allocution could only hurt him. We disagree. The trial court already had before it the presentence investigation report which indicated a history of damaging information. The court did not inquire into additional information, but merely sought to insure the accuracy of the information already available. If defendant's sentence was aggravated because of this line of inquiry, it is only because of his evasive responses and attitude when answering questions the court was justified in asking. The right of allocution does not give defendant a right to deny the court access to accurate information needed for sentencing.

Other factors made this inquiry essential to a proper sentence. During sentencing recommendations from the attorneys, it became apparent the State and defense counsel disagreed on how many prior convictions defendant had as well as the nature of these convictions. Given the court's constitutional duty to determine an appropriate sentence by weighing the seriousness of the crime against defendant's potential for rehabilitation (Ill. Const. 1970, art. I, §11), along with the court's interest in verifying the accuracy of all information furnished which may affect defendant's sentence (*Ely*, 107 Ill. App. 3d at 107, 437 N.E.2d at 357), the inquiry was appropriate and necessary.

The trial court was ready to impose a sentence immediately following the attorneys' recommendations. Certainly, there was enough information in the presentence investigation report to do so. However, the judge, hearing the disagreement regarding defendant's prior convictions, apparently felt it was in order to explore the accuracy of this information before sentencing defendant. The best way to resolve such disputes regarding the life of the defendant may be to ask the defendant himself.

While questioning defendant on his prior convictions, defendant could not seem to remember even the most obvious details. The court then asked defendant about his prior drug and alcohol use listed in the presentence investigation report. The trial court noted many of defendant's responses to these questions were evasive and inconsistent.

In an attempt to determine defendant's potential for rehabilitation, the court considered the presentence investigation report, the defendant's criminal history, habits, age, credibility, character, demeanor, mentality, and lack of remorse. Consideration of any and every one of these factors is permissible. (*Dukett*, 56 Ill. 2d at 452, 308 N.E.2d at 601.) The court then sentenced defendant to eight years' imprisonment. As required by statute, the court gave its reasons for imposing this sentence (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(b)) and emphasized the lack of remorse exhibited by defendant.

The trial court's sentencing procedures were not only within the boundaries of the law, but thorough as well. Even if defendant had not waived this issue for review, there was no abuse of discretion by the trial court. Accordingly, defendant's request for a new sentencing hearing is denied.

Affirmed.

GREEN and STEIGMANN, JJ., concur.