432

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LYNN WILLIAMS, Defendant-Appellant.

First District (3rd Division)   No. 1—91—1269

Opinion filed March 30, 1994.

Rita A. Fry, Public Defender, of Chicago (Alison Edwards, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE TULLY delivered the opinion of the court: This case arises out of an armed robbery which was later reduced to the charge of robbery. Following a jury trial, defendant received

an extended-term sentence of 12 years' imprisonment. Defendant appeals both the verdict and his sentence.

Donna Baisten, 23 years old, testified that around 4:30 p.m. on the evening of July 9, 1989, she was walking alone on South 28th Street in Chicago, approaching Michigan Avenue. A man she later identified as the defendant crossed from the opposite side of the street, put a hard object against her back and demanded everything she had. When she said she had no money he asked for her ring. When she turned around to take off her ring, she recognized the defendant as the man she had earlier seen cross the street. At this time she also saw a gun handle. Defendant then patted her pockets and removed $40. Defendant told her not to run for help or go to the police, before he started walking toward the lake. Baisten then saw a gun in defendant's hand.

Later, as Baisten was walking with the police through the station, she saw the defendant sitting in the youth office and she pointed him out as the man who had robbed her.

Over defense objections, Myrna Everett was allowed to testify about defendant's arrest for another crime. On July 9, 1989, she was visiting her parents home at 2729 South Michigan when she heard her sister's friend, Keisha Parks, screaming, holding bits of chain in her hand. There was a man walking away from her, whom Everett identified as the defendant. Everett described defendant as wearing a white tee-shirt, striped shorts and high-top gym shoes. About one-half hour later, Everett saw the man again. She followed him in her car and pointed him out to the police. They arrested defendant and retrieved pieces of gold chains from his pockets.

Defendant Lynn Williams testified that he and Donna Baisten, whom he called "Dede," had been romantically involved three months prior to the robbery. He allegedly had given her items of jewelry, including a gold ring with diamonds. Three weeks prior to July 9, the relationship had broken up. On July 9, defendant ran into Dede at 27th Street and Michigan Avenue and he asked why she had broken his father's window on July 4. They argued and he said he wanted his clothing and other items back.

They then went to her friend's house to get the clothing, which defendant dropped off at his aunt's house. His aunt, Deborah Williams, testified defendant came to her house at noon on July 9 in order to leave a bag of clothes. He was accompanied by a woman, whom she later identified in court. On July 9, the couple "exchanged words" and stayed between 5 and 10 minutes.

According to defendant, when they left his aunt's house he noticed Dede was not wearing his chain. She claimed her friend Ter-

rence had it, but when they checked, he did not have the chain. Defendant then got mad and asked for everything back. Soon after a fight, the defendant was arrested.

Defendant testified he never told the police he committed a robbery. He said the statement read to him by the assistant State's Attorney was not true and he only signed it because Officer Holmes was squeezing the handcuffs around his wrist.

George Williams testified that Donna Baisten was his wife. Although they did not begin living together until the summer of 1989, they had had a relationship since June of 1982. George Williams testified he gave Donna a gold engagement ring with four diamonds for Mother's Day 1989. Donna was wearing the ring on July 9. The next time he saw her she did not have the ring. Donna never used the nickname Dede.

The State also presented three felony convictions of the defendant in August 1990 as rebuttal evidence.

■ The first issue on review concerns the questioning of venireperson Otis Dugar. After long and detailed questioning of Dugar, the defense now claims that he should have been questioned about pending lawsuits. At the completion of questioning, the judge asked if there were any further questions. Because the defense failed to raise any further questions, this issue is waived on appeal. (See *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) Furthermore, there is no mention of this issue in the written post-trial motion.

■ The second issue on appeal is whether it was proper to admit evidence of defendant's involvement in another crime. Myrna Everett testified she witnessed defendant rob a gold chain from Keisha Parks. In this case there was no "other crimes" error because the trial judge gave a limiting instruction directing the jury away from any improper use of the evidence. Moreover, evidence of other crimes is not improper if it is introduced for some legitimate purpose. Evidence of other crimes is discretionary to prove these legitimate ends. *People v. Alexander* (1982), 93 Ill. 2d 73, 442 N.E.2d 887.

Here, the Myrna Everett testimony was relevant for a number of legitimate reasons. The testimony established the identity of the person who later arrived at the police station; it explained how defendant came to be in the youth office and how the victim came to identify him there. It also identified his clothing exactly as that identified by Donna Baisten. The evidence also established defendant's presence in the vicinity of the robbery.

We therefore find that the admission of defendant's other crime, as described by Myrna Everett, was properly admitted into evidence.

■ The next issue is whether Illinois Pattern Jury Instructions,

Criminal, No. 3.10 (2d ed. 1981) (IPI) was properly given in this case. The instruction states:

"An attorney has the right to interview a witness for the purpose of learning the testimony the witness will give."

At trial two witnesses, Leon Duncan and Deborah Williams, testified for the defense. Duncan testified that he refused to talk to the prosecutor. Ms. Williams, on cross-examination, was asked if she had talked to the defense attorneys. She said "yes" and that she had discussed with them what her testimony was going to be. She also said she had refused to speak with the assistant State's Attorney.

Even if IPI Criminal 2d No. 3.10 were erroneously given, the error would be harmless beyond a reasonable doubt. It is not probable that the result of the trial would have changed had the instruction not been given. *People v. Moore* (1983), 95 Ill. 2d 404, 447 N.E.2d 1327.

■ The final issue is whether an extended-term sentence was proper in this case. The trial judge stated in sentencing:

"The defendant has now been convicted of a felony. He was previously convicted in this jurisdiction within ten years of a similar felony, of a similar class or greater, and the charges were brought separately and tried separately, and they do arise out of a different set of facts."

As the trial judge stated, section 5—5—3.2(b)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)(1)) authorizes extended-term sentences if any of the factors in section 5—5—3.2(b) are present. Defendant does have an earlier conviction of the same class. A court may consider, when determining an appropriate sentence, the defendant's credibility, demeanor, general moral character, habits and age. *People v. Noble* (1990), 201 Ill. App. 3d 1056, 560 N.E.2d 35.

We find that the extended term imposed in this case was proper.

For all of the foregoing reasons, the decision of the Cook County circuit court is hereby affirmed.

Affirmed.

CERDA and GREIMAN, JJ., concur.