46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald K. BUTTS, Petitioner-Appellant,
v.
Howard A. PETERS, III and Attorney General of the State of
Illinois, Respondents-Appellees.
 No. 93-2432.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Jan. 5, 1995.*
Decided: Jan. 23, 1995.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Ronald K. Butts, an Illinois state prisoner, appeals from the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254, alleging that he received ineffective assistance of counsel when his attorney failed to inform the sentencing judge that a statement made by his co-defendant to the police implicating Butts could not be considered in imposing sentence. Because Butts was legally accountable for the conduct of his co-defendant, however, counsel's decision not to advise the court to disregard the co-defendant's statement was professionally reasonable. We affirm.
 
 BACKGROUND
 
 2
 In November 1983, Ronald K. Butts and co-defendant Michael Smith pleaded guilty to attempted murder. Less than four months earlier, Butts and Smith had entered the home of Marion Harris, an 82-year old man, for the purpose of stealing air conditioners. They severely beat Harris in the head and face with brass knuckles and the base of a lamp, fracturing his skull. When the police found Harris, he was lying in bed, semi-conscious, and covered with dried blood. The victim's dental plate and a tooth were found in the living room, and blood was found on the furniture and floor. Butts and Smith both furnished statements to the police, and each blamed the other for Harris' beating. People v. Butts, 135 Ill. App. 3d 132, 133, 481 N.E.2d 987, 988 (5th Dist. 1985).
 
 
 3
 When accepting guilty pleas from Butts and Smith, the court was informed that Smith made a statement to the police that Butts planned the offense and hit the elderly victim in the head with brass knuckles and a lamp. The court was also advised that Butts gave a statement accusing Smith of committing these acts.[1] People v. Butts, No. 89-865, slip op. at 2 (5th Dist. Dec. 19, 1991). In sentencing Butts to a term of imprisonment of thirty years, the trial judge announced his findings:
 
 
 4
 Based upon the Court's independent assessment, and in accordance with Illinois Revised Statutes, Chapter 38, Section 1005-4-1, the Court finds as to Defendant Butts as factors in aggravation that in committing the felony, the defendant inflicted serious bodily injury to another; that a sentence is necessary to deter others from committing the same crime; and that the defendant committed a heinous crime under the circumstances for which an extended term of imprisonment can be imposed.
 
 
 5
 Id. at 5. The Illinois Appellate Court affirmed Butts' sentence, and the Illinois Supreme Court then denied Butts' petition for leave to appeal.
 
 
 6
 Butts filed a post-conviction petition. Attached to the petition was the affidavit of Smith in which he accepted sole responsibility for the injuries to the elderly victim.[2] Appointed counsel prepared an amended petition for post-conviction relief which was denied after an evidentiary hearing. On appeal, Butts argued that his trial counsel and appellate counsel were incompetent for failing to raise the inadmissibility of the co-defendant's statement at sentencing. The appellate court affirmed the order denying post-conviction relief, and the Illinois Supreme Court denied Butts' petition for leave to appeal.
 
 
 7
 Butts proceeded to file a petition in the district court for habeas corpus relief under 28 U.S.C. Sec. 2254, in which he alleged the same ineffectiveness of counsel claim that he exhausted in state court. Butts contended that (1) trial counsel was ineffective for failing to inform the trial court that, in sentencing defendant, it could not rely on co-defendant Smith's statement to the police, and (2) appellate counsel was ineffective in failing to raise the issue of incompetency of trial counsel on direct appeal.
 
 
 8
 Magistrate Judge Philip Frazier issued a Report and Recommendation which recommended denial of the petition. (Report and Recommendation of 4/7/93, R. 9, at 3-5.) The magistrate judge observed that by pleading guilty, Butts conceded that he had either inflicted injuries intending to cause the victim's death or that he was legally accountable for the injuries inflicted by his co-defendant. Under these circumstances, Magistrate Judge Frazier concluded, Butts could not have been prejudiced when his attorney failed to argue that the sentencing judge should disregard Smith's statement. The district court agreed that Butts could not show that he was prejudiced by the trial attorney's conduct, and denied Butts' petition.
 
 
 9
 Butts now appeals from the district court's order.
 
 DISCUSSION
 
 10
 Federal courts are authorized to grant a writ of habeas corpus when a person is held in custody under a state court judgment in violation of the United States Constitution. 28 U.S.C. Sec. 2254. We subject the district court's conclusions of law as well as mixed findings of law and fact to de novo review. Griffin v. Camp, No. 93-3798, slip op. at 4, (7th Cir. Nov. 14, 1994).
 
 
 11
 Butts argues that trial counsel was ineffective in failing to inform the court that the co-defendant's statement could not be used against Butts for purposes of sentencing. He also argues that appellate counsel was ineffective for failing to raise on direct appeal the issue of trial counsel's incompetency.[3]
 
 
 12
 Butts' argument of ineffective assistance at sentencing fails to meet the criteria of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Butts must show that counsel's performance fell outside the "wide range of reasonable professional assistance," id. at 689, and that counsel's deficient performance prejudiced his defense. Id. at 687. Butts' trial counsel, however, had no reason to object to the court's consideration of Smith's statement for sentencing purposes; under Illinois law, accountability extends to criminal acts committed in furtherance of the planned crime. See, e.g, People v. Gil, 240 Ill. App. 3d, 151, 159, 608 N.E.2d 197, 203 (1st Dist. 1992), appeal denied, 151 Ill. 2d 570, 616 N.E.2d 341 (1993). It is the nature of the act and not the identity of the actor which permits the court to hold one person accountable for the exceptionally brutal and heinous behavior of an accomplice. People v. Sims, 244 Ill. App. 3d 966, 1010, 612 N.E.2d 1011, 1043-44 (5th Dist.), appeal denied, 152 Ill.2d 575, 622 N.E.2d 1223 (1993); People v. Merritte, 242 Ill. App. 3d 485, 496, 611 N.E.2d 24, 32 (3d Dist.), appeal denied, 152 Ill.2d 572, 622 N.E.2d 1219 (1993); People v. Hines, 165 Ill. App. 3d 289, 304, 518 N.E.2d 1362, 1372 (4th Dist.), appeal denied, 121 Ill. 2d 577, 526 N.E.2d 835, cert. denied, 488 U.S. 895 (1988). Here, the record shows that both Butts and Smith planned to steal the victim's air conditioners, both men stole personal property from the victim's residences, both men were present at the time of the attack, and neither Butts nor Smith withdrew from the attack or attempted to notify authorities that the victim had been severely injured. Because Butts was accountable for co-defendant Smith's exceptionally brutal or heinous conduct, trial counsel's decision not to ask the court to disregard Smith's statement for purposes of Butts' sentencing was, under these circumstances, professionally reasonable. Butts thus failed to meet the first prong of the Strickland test.
 
 
 13
 Because we conclude that trial counsel's conduct did not rise to the level of ineffective assistance, appellate counsel was not ineffective for failing to raise this argument in subsequent proceedings.
 
 
 14
 The denial of Butts' petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The statements of Butts and Smith are not in the record before this court
 
 
 [2]
 A copy of this affidavit is not contained in the record before this court. Butts' appellate brief, however, reports the contents of that affidavit as follows:
 
 
 [3]
 I asked Ronald K. Butts to accompany me into the victim's house
 
 
 [4]
 At the house I assaulted the victim, stabbed him. Mr. Butts did not participate in the assault or the stabbing
 
 
 [5]
 Upon reaching the police station and being questioned by the detective, I began to allege that Mr. Butts had committed the above acts
 
 
 [6]
 I was frightened and still very upset about what had happened or even why. I thought the victim was dead or near dying when I left the house and I couldn't bear the thought of being responsible for the whole thing
 (Appellant's Br. at 9-10.) The state does not dispute this rendition of the contents of the affidavit.
 
 
 [3]
 Butts even extends his ineffective assistance claim to post-conviction counsel for not raising the issue of appellate counsel's incompetency. However, because there is no constitutional right to counsel in a post-conviction proceeding, Coleman v. Thompson, 501 U.S. 722, 755-57 (1991); Jenkins v. Gramley, 8 F.3d 505, 508 (7th Cir. 1993), there is no right to effective assistance of post-conviction counsel